# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1016

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Lisa Hall, also known as Lisa | * | |
| Hernandez, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 17, 1998
Filed: June 22, 1998

_____

Before FAGG, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Lisa Hall pleaded guilty to conspiring to distribute, or to possess with intent to distribute, Schedule II controlled substances including morphine sulfate, meperidine, methamphetamine, and methadone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. The district court[1] sentenced her to 15 months imprisonment and three years supervised release, and she appeals. We affirm.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

For reversal, Hall argues that the district court erred by refusing to grant her a mitigating-role adjustment. A district court may reduce a defendant's base offense level by four levels if the defendant is a "minimal participant" in the offense, and by two levels if the defendant is a "minor participant." See U.S. Sentencing Guidelines Manual § 3B1.2(a), (b) (1997). We review the district court's factual determinations regarding Hall's role in the offense for clear error. See United States v. McCarthy, 97 F.3d 1562, 1574 (8th Cir. 1996), cert. denied, 117 S. Ct. 1011, 1284 (1997).

The record shows that Hall's coconspirators were involved with quantities of drugs significantly larger than the one-quarter gram sample of methamphetamine which the district court attributed to Hall for purposes of calculating her base offense level, and Hall has failed to show that she was a minor actor as to distribution of the sample. According to the record made at Hall's change-of-plea hearing, Hall initiated contact with the coconspirator to whom she distributed the methamphetamine sample; she fixed their meeting place, as well as the price for the sample; and after driving to meet the coconspirator, she provided him with the sample in exchange for cash she intended to spend on herself. See U.S. Sentencing Guidelines Manual § 3B1.2, comment. (nn. 1-3) (1997) (defining minor and minimal roles); McCarthy, 97 F.3d at 1574 (where there was evidence that drug conspiracy involved more than 5,000 pounds of marijuana but court held defendant accountable for only 220 pounds he actually distributed, court was required to assess defendant's role in context of distribution of 220 pounds even though distribution of that limited amount was sufficient to support defendant's guilt as to much larger charged conspiracy).

Hall also challenges the district court's refusal to grant her an acceptance-of-responsibility reduction. See U.S. Sentencing Guidelines Manual § 3E1.1 (1997). We conclude that the district court did not clearly err in denying this reduction. See United States v. Ngo, 132 F.3d 1231, 1233 (8th Cir. 1997) (standard of review). Hall suggested at her change-of-plea hearing that she had been mentally and physically unwell at the time of the offense, that her coconspirator had pressured her, and that she

had distributed the methamphetamine sample because she needed money for lodging. Moreover, she admitted only after repeated questioning that she had knowingly provided an illicit drug to her coconspirator for distribution, and the district court had the opportunity to observe her demeanor.  See U.S. Sentencing Guidelines Manual § 3E1.1, comment. (nn.1, 3) (1997) (appropriate consideration is whether defendant truthfully admits offense conduct; defendant who enters guilty plea is not entitled to acceptance-of-responsibility reduction as matter of right); Ngo, 132 F.3d at 1233 (affirming as not clearly erroneous denial of acceptance-of-responsibility reduction where, inter alia, defendant consciously attempted to mislead and minimize his involvement in offense; also noting district court had opportunity to observe defendant's demeanor).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.